IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC., *et al.*,

               Plaintiffs,

  v.

APOTEX INC., *et al.*,

               Defendants.

Civil Action No. 25-1306-GBW

---

## MEMORANDUM ORDER

Presently before the Court is the Motion to Intervene of Nonparties Cipla Limited, Dexcel Pharma Technologies Limited, and Hikma Pharmaceuticals USA Inc. (the "Proposed Intervenors") to intervene for the limited purpose of opposing certain discovery sought by Defendants Apotex Inc. and Apotex Corp. ("Defendants") (the "Motion to Intervene"). For the reasons set forth below, the Motion to Intervene (D.I. 43) is GRANTED-IN-PART and DENIED-IN-PART. Specifically, the Motion to Intervene is GRANTED for the limited purpose of allowing the Proposed Intervenors to address the confidentiality of the requested discovery that is the subject of Defendants' request to schedule a discovery conference (D.I. 40). The Motion to Intervene (D.I. 43) is DENIED for the purpose of allowing the Proposed Intervenors to address the relevancy of the requested discovery that is the subject of Defendants' request to schedule a discovery conference (D.I. 40).

## I.    BACKGROUND

### A.    The Prior Litigation

In a previous action before this Court, the Proposed Intervenors were engaged in a lawsuit filed by Plaintiffs Pfizer Inc., FoldRx Pharmaceuticals, LLC, PF PRISM IMB B.V., and Wyeth

LLC ("Plaintiffs"), where Plaintiffs asserted that the Proposed Intervenors infringed one or more claims of U.S. Patent Nos. 7,214,695 ("the '695 Patent), 7,214,696 ("the '696 Patent"), and 9,770,441 ("the '441 Patent") (the "Prior Litigation").[1] *See* Complaint ¶ 1, *Pfizer Inc. et al. v. Cipla Limited, et al.*, 23-879-GBW, ECF No. 1. In the Prior Litigation, Plaintiffs and the Proposed Intervenors entered into a protective order, which limited access of confidential information to corporate representatives for the parties in the Prior Litigation, the law firms representing those parties, court staff, and selected other individuals. Stipulated Protective Order ¶ 13 (the "Protective Order"), *Pfizer Inc. et al. v. Cipla Limited, et al.*, 23-879-GBW, ECF No. 32. The Protective Order defined "confidential information" to include "all information, in any form, that constitutes 'a trade secret or other confidential research, development or commercial information' within the meaning of Fed. R. Civ. P. 26(c)(1) and includes all information that is not generally known to the public or to competitors and that relates to scientific and technical information, product research, product development, employment information, product manufacturing, financial performance (whether historical or future), marketing, sources of supply, or strategic planning and includes such information about a Third Party including parents, subsidiaries and/or affiliates." *Id.* ¶ 2. The Prior Litigation resulted in a confidential settlement between Plaintiffs and the Proposed Intervenors. *See* STIPULATION of Dismissal between Plaintiffs and Hikma, *Pfizer Inc. et al v. Cipla Limited, et al.*, 23-879-GBW, ECF No. 334; STIPULATION of Dismissal between Plaintiffs and Cipla, *Pfizer Inc. et al. v. Cipla Limited, et al.*, 23-879-GBW, ECF No. 332; STIPULATION of Dismissal Between Plaintiffs and Defendant Dexcel Pharma Technologies Limited, *Pfizer Inc. et al. v. Cipla Limited, et al.*, 23-879-GBW, ECF No. 327.

---

[1]    The Scripps Research Institute was also a plaintiff in the Prior Litigation but is not a plaintiff in the current action.

### B.    Procedural History

On October 24, 2025, Plaintiffs filed the present action against Defendants, asserting that Defendants infringed one or more claims of the '441 Patent. (D.I. 1 ¶ 49). On June 12, 2026, Defendants filed a letter requesting that the Court schedule a discovery dispute conference. (D.I. 40). In their letter, Defendants requested that the Court compel Plaintiffs to produce "infringement and invalidity documents from" the Prior Litigation, as well as "settlement agreements involving the patent-in-suit." (D.I. 40 at 2). Shortly thereafter, the Proposed Intervenors filed their Motion to Intervene. (D.I. 43). The Proposed Intervenors' Motion to Intervene has been fully briefed. (D.I. 44; D.I. 45; D.I. 47).

## II.    LEGAL STANDARD

### A.    Intervention as of Right

Federal Rule of Civil Procedure 24(a)(2) provides that, "[o]n timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In the Third Circuit, intervention by right requires the following four elements: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *United States v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014). The "polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Luster v. Puracap Lab'ys, LLC*, No. 18-503 (MN), 2021 WL 9598625, at *1, 2021 U.S. Dist. LEXIS 262018, at *4 (D. Del. Feb. 17, 2021) (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998)). "The Third Circuit's approach favors

3

pragmatism and elasticity over rigid rules or narrow approaches; it further favors intervention over subsequent collateral attacks." *Id* (cleaned up).

### B.    Permissive Intervention

Federal Rule of Civil Procedure 24(b)(1)(B) provides that, "[o]n timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(B).  When determining whether to allow for permissive intervention, the Court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1116 (3d Cir. 1992).

## III.    DISCUSSION

The Proposed Intervenors contend that they have a right to intervene to oppose Defendants' discovery requests that implicate their confidential information. (D.I. 44 at 5).  The Proposed Intervenors assert that, to the extent that Defendants seek confidential information produced by the Proposed Intervenors in the Prior Litigation, Defendants should have moved to intervene in the Prior Litigation and sought a modification of the Protective Order. (D.I. 47 at 2 n.2).  Because this Court presided over the Prior Litigation, the Proposed Intervenors do not object to the Court ruling on the discovery dispute brought by Defendants (D.I. 40), despite Defendants' alleged procedural deficiency. (*Id.*).  However, the Proposed Intervenors contend that they should be allowed to "participate fully" in the pending discovery dispute (D.I. 40) because, if Defendants had followed the allegedly proper procedure, the Proposed Intervenors would have been able to raise any ground relevant to opposing any proposed modification of the Protective Order.

Defendants disagree.  In opposing the Proposed Intervenors' Motion to Intervene, Defendants do not contend that the Motion to Intervene is untimely. (*See* D.I. 45).  Defendants also do not contest that the Proposed Intervenors have a right to intervene based on confidentiality

4

concerns. (*Id.* at 2). Instead, Defendants contend that the Proposed Intervenors lack standing to object to the production of the requested discovery on relevancy grounds. (*Id.* at 1). In Defendants' view, intervention on relevancy grounds is not warranted, as Plaintiffs already oppose the requested discovery based on relevancy. (*Id.* at 2).

The Court agrees with Defendants. Again, Defendants do not oppose the Motion to Intervene in order for the Proposed Intervenors to oppose the production of the requested discovery on confidentiality grounds. Thus, the Court grants the Motion to Intervene to allow the Proposed Intervenors to oppose the requested discovery on grounds that the requested discovery would disclose their confidential information. However, the Court finds that intervention is not appropriate to allow the Proposed Intervenors to argue that the requested discovery is not relevant to any claim or defense in the present action for the following reasons.

*First*, the Court finds that Defendants were not required to move for a modification of the Protective Order in the Prior Litigation. The Protective Order specifically states that: "[b]y entering this order and limiting the disclosure of information in this case, *the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.*" Stipulated Protective Order ¶ 25, *Pfizer Inc. et al. v. Cipla Limited, et al.*, 23-879-GBW, ECF No. 32 (emphasis added). The Protective Order further provided that: "[a]ny person or party subject to this order who becomes subject to a motion to disclose another party's information designated 'CONFIDENTIAL' pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed." *Id.* The Proposed Intervenors do not explain why a modification

of the Protective Order would be required in light of Paragraph 25 of the Protective Order.[2] (*See* D.I. 44 (not discussing ¶ 25 of the Protective Order beyond its notice requirement)); *see also In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, 699 (3d Cir. 2018) ("Moreover, '[i]t may readily be agreed that discovery in one lawsuit that is subject to a protective order may not necessarily, or even often, preclude discovery in a subsequent lawsuit (with or without a protective order issued by the new court).'" (alteration in original) (citation omitted)). Thus, the Court finds that Defendants have properly brought the pending discovery dispute (D.I. 40) before the Court.

*Second*, the Court finds that the Proposed Intervenors lack standing to intervene on the basis that the requested discovery is not relevant to any claim or defense in the present action. The Proposed Intervenors have not adequately alleged that they have a sufficient interest in the relevance of the requested discovery. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 CIV. 1590 LTS HBP, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) ("A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden."). Importantly, all arguments that the Proposed Intervenors raise in their Motion to Intervene relate to the interest that they have in precluding Defendants from accessing their confidential information. (*See* D.I. 44 at 6-7). The only arguments that the Proposed Intervenors proffer in support of their Motion to Intervene on relevancy grounds depend on the Proposed Intervenors'

---

[2]    The Proposed Intervenors rely on *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) for the proposition that it is proper for a third party to intervene in a case to obtain information subject to a protective order. (D.I. 47 at 1). However, the discovery at issue in *Pansy* was sought "pursuant to the Pennsylvania Right to Know Act." 23 F.3d at 776. Similarly, the Proposed Intervenors cite to *Genentech, Inc. v. Amgen Inc.*, No. CV 17-1407-CFC, 2019 WL 1349464 (D. Del. Mar. 26, 2019), in which Genetech sough to "use discovery obtained in th[at] patent infringement action to initiate a new patent infringement action against [d]efendant Amgen Inc." 2019 WL 1349464, at *1. The protective orders in both of those cases did not contain a carveout, which is present in the Protective Order in *Pfizer Inc. et al. v. Cipla Limited, et al.*, 23-879-GBW, that allows the confidential materials to be produced for the reasons sought. Thus, both cases are distinguishable.

assertion that Defendants needed to move to modify the Protective Order, which the Court has found unnecessary. (D.I. 47 at 2 n.2). Thus, the Proposed Intervenors' attempt to manufacture standing to oppose the requested discovery on relevancy grounds "is 'turtles all the way down.'" *Rapanos v. United States*, 547 U.S. 715, 754 (2006).

The Court likewise declines to grant the Proposed Intervenors permissive intervention to oppose the requested discovery on relevancy grounds. Plaintiffs "already oppose[] production on relevance grounds." Thus, Plaintiffs are adequately protecting what little interest (if any) the Proposed Intervenors have in precluding Defendants from obtaining irrelevant information. (*See* D.I. 44 at 3). Moreover, because the Court grants the Motion to Intervene for the limited purpose of allowing the Proposed Intervenors to address the confidentiality of the requested discovery, the Proposed Intervenors' interests in precluding the production of its confidential documents will be adequately protected. *See Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992) ("Thus, if intervention as of right is not available, the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention as well.").

## IV.    CONCLUSION

For the reasons stated above, the Motion to Intervene (D.I. 43) is GRANTED-IN-PART and DENIED-IN-PART. Specifically, the Motion to Intervene (D.I. 43) is GRANTED for the limited purpose of allowing the Proposed Intervenors to address the confidentiality of the requested discovery that is the subject of Defendants' request to schedule a discovery conference (D.I. 40). The Motion to Intervene (D.I. 43) is DENIED for the purpose of allowing the Proposed Intervenors to address the relevancy of the requested discovery that is the subject of Defendants' request to schedule a discovery conference (D.I. 40).

\*        \*        \*

7

WHEREFORE, IT IS **HEREBY ORDERED** that:

1.    The Motion to Intervene (D.I. 43) is **GRANTED-IN-PART** and **DENED-IN-PART** as follows:

   a.    The Motion to Intervene (D.I. 43) is **GRANTED** for the limited purpose of allowing the Proposed Intervenors' to address the confidentiality of the requested discovery that is the subject of Defendants' request to schedule a discovery conference (D.I. 40) and;

   b.    The Motion to Intervene (D.I. 43) is **DENIED** for the purpose of allowing the Proposed Intervenors to address the relevancy of the requested discovery that is the subject of Defendants' request to schedule a discovery conference (D.I. 40).

2.    By no later than 5:00 p.m. on Tuesday, July 21, 2026, the Proposed Intervenors **SHALL FILE** a joint letter, not to exceed three (3) pages, specifically setting forth their opposition on confidentiality grounds to any specific discovery that Defendants are seeking.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

8