## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PFIZER INC, FOLDRX PHARMACEUTICALS, LLC, PF PRISM IMB B.V., and WYETH LLC, , <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | C.A. No. 25-1306-GBW |

## INTERVENORS' LETTER BRIEF OPPOSING PRODUCTION OF THEIR CONFIDENTIAL INFORMATION IN RESPONSE TO <u>APOTEX'S DISCOVERY REQUESTS</u>

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
**SMITH, KATZENSTEIN & JENKINS, LLP**
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
ncb@skjlaw.com
dat@skjlaw.com

*Of Counsel:*

Joshua I. Miller
**WINDELS MARX LANE & MITTENDORF, LLP**
One Giralda Farms
Madison, NJ 07940

*Attorneys for Intervenor Cipla Limited*

Dominick T. Gattuso (No. 3630)
**HEYMAN ENERIO GATTUSO & HIRZEL LLP**
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Of Counsel:*

Jeffrey S. Ward
Emer L. Simic
Laura E. Breckenridge
**NEAL GERBER & EISENBERG LLP**
225 West Randoph Street
Suite 2800
Chicago, Illinois 60606

*Attorneys for Intervenor Hikma Pharmaceuticals USA Inc.*

Anne Shea Gaza (No. 4093)
Daniel G. Mackrides (No. 7230)
**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
dmackrides@ycst.com

*Of Counsel:*

Dennies Varughese, Pharm.D.
Gaby L. Longsworth, Ph.D.
Christopher M. Gallo, Ph.D.
**STERNE, KESSLER, GOLDSTEIN &
FOX, PLLC**
1101 K Street, N.W.
10th Floor
Washington, DC 20005

*Attorneys for Intervenor Dexcel Pharma
Technologies Limited*

Dated: July 21, 2026

Dear Judge Williams:

Pursuant to the Court's July 16, 2026 Order (D.I. 50), Cipla, Dexcel, and Hikma (the "Intervenors") respectfully submit this letter opposing discovery of Intervenors' highly confidential information sought by Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex"), (D.I. 51), hereinafter "Apotex Br." Apotex is a direct competitor of each Intervenor. Notwithstanding, Apotex seeks highly confidential, proprietary commercial and technical information from the Intervenors for no legitimate purpose. In this regard, Apotex has failed to show good cause to obtain the Intervenors' confidential information, as required by *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994). Further, that confidential information is covered by a protective order with a provision that expressly prohibits entities like Apotex or its outside counsel from obtaining it without permission of the Intervenors that this Court has previously declined to modify. The Intervenors therefore respectfully submit that Apotex's motion to compel should be denied.

**The Prior Action is entirely distinct from this case and included a PO prohibiting production of the Intervenors' materials to other accused infringers.** The Intervenors are defendants from a prior consolidated litigation, C.A. No. 23-879 (the "Prior Action"), which did not involve Apotex, Apotex's API, Apotex's ANDA, or Apotex's ANDA Product. *See* Apotex Br. at 1; MacDonald Decl. (Ex. 1), ¶¶ 2-4; Deodhar Decl. (Ex. 2), ¶¶ 2-3; Miller Decl. (Ex. 3), ¶¶ 2-3. Instead, it involved the Intervenors' individual tafamidis drug substance and ANDA Product. None of the API, manufacturing steps, or products in the Prior Action at issue in the CI of Cipla and Hikma sought by Apotex overlap in any way with the current action between Plaintiffs and Apotex. Ex. 1, ¶ 4; Ex. 2, ¶ 3.

A Protective Order ("PO") was entered into in the Prior Action. Paragraph 17 of that PO in the Prior Action (D.I. 32) expressly prohibits production of one defendant's confidential information to any other defendant, ***including outside counsel.*** C.A. No. 23-879, D.I. 32 at ¶ 17 ("For the avoidance of doubt, no provision of this Protective Order shall be interpreted to allow disclosure of one Defendant's CONFIDENTIAL INFORMATION to outside counsel, in-house counsel, in-house representative, or any other representative of any other Defendant without the express written consent of the producing Defendant."). CONFIDENTIAL INFORMATION ("CI") is defined as "all information, in any form, that constitutes 'a trade secret or other confidential research, development or commercial information' . . . and includes all information that is not generally known to the public or to competitors…" *Id.* at ¶ 2(a). The parties to the Prior Action purposely included this prohibition because the Intervenors are direct competitors of each other, and, thus, disclosure of their CI to another defendant could provide that defendant with an unfair competitive advantage. Ex. 1, ¶ 5; Ex. 2, ¶ 4; Ex. 3, ¶ 4.

Apotex seeks the Intervenors' CI produced to Plaintiffs in the Prior Action pursuant to the PO. While the PO does provide that the Court in the Prior Action does not intend to preclude another court from finding discovery produced in that action relevant and subject to disclosure in another case, Apotex Br. at 2, Apotex conveniently omits that the Court denied Dexcel's request in the prior action to have the same Cipla and Hikma CI that Apotex seeks here. C.A. No. 23-879, D.I. 236.

**Apotex cannot show good cause to compel production of the Intervenors' CI.** Apotex cannot demonstrate good cause to obtain the Intervenors' CI under the Prior Action PO. *See Genetech, Inc. v. Amgen Inc.,* 2019 WL 1349464, at *2 (D. Del. March 26, 2019) (denying motion to produce certain confidential information after reviewing the applicable protective order and applying the *Pansy* factors). Indeed, Apotex offers only bald speculation that access to the Intervenors' CI *might* assist in its case.  For example, Apotex asserts that, *if* Dr. Matzger took a certain position in the Prior Action and then takes an inconsistent position in the present case, it might undermine Dr. Matzger's testimony. Apotex Br. at 2. Likewise, Apotex's expert, Dr. Hollingsworth, says only that Intervenors' CI *may* be relevant *if* certain circumstances were to happen. D.I. 51, Ex. G at ¶¶ 23-24. This is exactly what Judge Burke found insufficient to show good cause for producing Cipla's and Hikma's CI to Dexcel. C.A. No. 23-879, D.I. 236.

Significantly, the Intervenors' CI that Apotex seeks involves highly sensitive research, development, trade secret and commercial information, including information regarding Hikma's and Cipla's tafamidis drug substance, ANDA Product, and the methods for manufacturing the drug substance and ANDA Product. Ex. 1, ¶¶ 7, 11; Ex. 2 ¶¶ 6, 10; Ex. 3, ¶ 7. The Intervenors intentionally drafted the PO, which the Court entered, to protect their CI, including from disclosure to each other. Ex. 1, ¶ 4; Ex. 2 ¶ 4; Ex. 3, ¶ 4. Hikma and Cipla fairly relied on the PO's protections, and enforced those protections against Dexcel's discovery efforts and against Plaintiffs following an inadvertent disclosure of Hikma CI to Cipla. Ex. 1, ¶¶ 8-10; Ex. 2 ¶¶ 7-9; *see also Genetech,* 2019 WL 1349464, at *2 (citing to reliance on protective order terms in failing to find good cause to change them).

Further, Apotex will obtain an unfair competitive advantage if it obtains the Intervenors' CI. Not only will Apotex learn highly confidential, proprietary information about Hikma and Cipla's tafamidis drug substance, ANDA Product and manufacturing processes, which Apotex could use to its advantage commercially, Apotex will obtain a material economic benefit by obtaining for free all of the work the Intervenors did in the Prior Action which it will undoubtedly use here.

**Apotex is not entitled to the settlement agreements.** Apotex cannot rely on an unpled defense (patent misuse) to justify compelled disclosure of the Intervenors' settlement agreements with Pfizer. *See* D.I. 9. *Pfizer v. Apotex,* 731 F. Supp. 754 (N.D. Ill. 2010) is readily distinguishable because it dealt with the potential relevance of such agreements and "settlement privilege," not their confidentiality. *Id.* at 759-60, 762-64. Thus, *Pfizer* did not address the issue here – that disclosure of these confidential settlement agreements will provide Apotex with its competitors' CI, providing an unfair competitive advantage.

The Intervenors have first filer status, as Apotex rightly conceded. Apotex Br. at 1. The Settlement Agreements contain highly confidential, proprietary business information, including launch provisions, covenants, and other provisions, which each of the Intervenors independently negotiated with Pfizer. Ex. 1, ¶ 12; Ex. 2 ¶ 11; Ex. 3, ¶ 7. The Intervenors and Pfizer have taken steps to protect that confidential information, including, but not limited to, setting forth strict confidentiality provisions prohibiting disclosure to third parties and, as here, seeking to intervene. Ex. 1, ¶ 12; Ex. 2 ¶ 11; Ex. 3, ¶ 7. Apotex offers no compelling reason to obtain these highly confidential commercial terms, which have absolutely no bearing on Apotex's ability to litigate the instant case against Pfizer. More likely, as with its efforts to obtain the Intervenors'

2

other CI, Apotex simply wants the benefit of knowing the metes and bounds of the other Intervenors' settlements with Pfizer to make it easier for Apotex to negotiate and potentially settle with Pfizer. In other words, Apotex wants to use the Intervenors' CI to obtain a competitive advantage over the Intervenors. That is not an adequate basis to compel disclosure of the Intervenors' CI, and the Court should reject Apotex's request for the Settlement Agreements.

**Apotex's cases do not help them.** The cases Apotex cites in support are distinguishable. Apotex Br. at 2. *Pennwalt Corp. v. Plough, Inc.*, 85 F.R.D. 257, 259-61 (D. Del. 1979) did not involve a third party's information. *Opperman v. Allstate N.J. Ins. Co.*, 2008 WL 5071044, at *4 (D.N.J. Nov. 24, 2008) involved the production of software owned by a third party who was given an opportunity to intervene to protect its confidential information but failed to do so likely because its information was not subject to a protective order. *Id.* at *4. *Sedona Corp. v. Open Solutions, Inc.*, 249 F.R.D. 19, 24-25 (D. Conn. 2008) was a contract dispute, without a prior PO, in which one party sought other contracts over the disputed subject matter. *Id.* at 20-21. It also did not involve settlement agreements from unrelated products. Finally, *TQ Delta, LLC v. Dish Network Corp.*, C.A. No. 15-614, D.I. 404, was based on the specific PO in place in the prior litigations, and the Special Master ("SM") noted that the third parties could contest disclosure of their CI, at which time his order would be stayed. Apotex Br., Ex. I at 9-10. The SM also allowed the defendant access to the requested third-party information on the basis he was "unaware of any manner" of adversity between the requesting party and the third parties. *Id.* at 8. Finally, the SM also did not rule on speculative future discovery, *id.* at 10 n.7, further undercutting Apotex's arguments.

**Production of Intervenors' CI, including the Settlement Agreements, on an OCEO basis will not mitigate the harm to Intervenors.** Apotex's "offer" to accept the Intervenors' CI on OCEO basis does not allay the Intervenors' confidentiality concerns. Apotex Br. at 2. Even OCEO protection cannot block the "unconscious, but improper use" of Intervenors' CI. *See Phillips Petroleum Co. v. Rexene Prods. Co.,* 158 F.R.D. 34, 36 (D. Del. 1994). Further, the Pfizer/Apotex PO, *see* D.I. 35 at ¶ 10, allows Apotex's counsel to give advice and opinions to Apotex based on their evaluation of Intervenors' CI, and reveal the content of that CI to Apotex in summary form. Whether Apotex purposefully sought inclusion of this language reasoning that it would later seek to compel disclosure of the Intervenors' CI is an interesting question, but not one into which the Court must delve.  The simple fact is that, once Apotex's outside counsel reviews the Intervenors' CI, that information will always be at the fore of Apotex's counsel's mind when it is advising Apotex and providing summaries to Apotex; there is simply no way to remove that taint. Moreover, there is no mechanism to ensure that the Intervenors' CI is not disclosed to Apotex by its counsel unconsciously, inadvertently or otherwise.  Thus, contrary to Apotex's assertion, OCEO access to Intervenors' CI is not a viable solution because there is a real risk that such disclosure will unfairly aid Apotex in conducting its case against Pfizer and potentially settling with Pfizer – all to the detriment of the Intervenors who will be materially prejudiced by Apotex deploying the Intervenors' CI to obtain a competitive advantage over them. Ex. 1, ¶ 13; Ex. 2, ¶ 12; Ex. 3, ¶ 8.

**Conclusion.** For the foregoing reasons, Apotex's motion should be denied and Pfizer should not be compelled to produce the Intervenors' CI, including the Settlement Agreements.

Respectfully submitted,

**SMITH, KATZENSTEIN & JENKINS, LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
ncb@skjlaw.com
dat@skjlaw.com

*Attorneys for Intervenor Cipla Limited*

**HEYMAN ENERIO GATTUSO & HIRZEL LLP**

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (No. 3630)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Intervenor Hikma Pharmaceuticals USA Inc.*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Daniel G. Mackrides*
Anne Shea Gaza (No. 4093)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
dmackrides@ycst.com

*Attorneys for Intervenor Dexcel Pharma Technologies Limited*

Dated: July 21, 2026

4