# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PFIZER INC.,<br>FOLDRX PHARMACEUTICALS, LLC,<br>PF PRISM IMB B.V., and WYETH LLC,<br><br>        Plaintiffs,<br><br>     v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>        Defendants. | C.A. No. 25-1306 (GBW)<br>CONSOLIDATED |

**DECLARATION OF MELISSA L. MACDONALD OF HIKMA PHARMACEUTICALS
USA INC. IN SUPPORT OF INTERVENORS' LETTER BRIEF**

I, Melissa L. MacDonald, declare as follows:

1.     I am Associate General Counsel, IP and Litigation at Hikma Pharmaceuticals USA Inc. ("Hikma").

2.     On August 23, 2023, Plaintiffs in the above-captioned matter filed an action against Zenara Pharma Private Limited ("Zenara") alleging patent infringement relating to Zenara's filing of ANDA No. 218205 seeking approval to market a generic version of Pfizer's Vyndamax® drug (tafamidis) 61 mg capsules (the "ANDA Product") (C.A. No. 23-924, D.I. 1.) On November 27, 2023, this Court consolidated Plaintiffs' action against Zenara with Plaintiffs' actions against defendants, Aurobindo Pharma Limited, Cipla Limited ("Cipla") and Dexcel Pharma Technologies, Limited ("Dexcel"). (C.A. No. 23-879, D.I. 22, hereafter, the "Prior Litigation"). Subsequently, Hikma became the owner of ANDA No. 218205 on September 3, 2024 and replaced Zenara as a defendant. (C.A. No. 23-879, D.I.

105.) Hikma, along with its co-intervenors, is a first filer on Pfizer's Vyndamax® product.

3. After more than two years of litigation and just before trial, Cipla and Dexcel entered into reached settlements with Pfizer to resolve their dispute. Following the first day of trial, Hikma settled with Pfizer on April 28, 2026, and the case against Hikma was dismissed that day. (C.A. No. 23-879, D.I. 335.)

4. I understand that Plaintiffs brought the above-captioned matter against Apotex Inc. and Apotex Corp. (collectively, "Apotex") on October 24, 2025, (D.I. 1), more than two years after the litigations against Hikma, Cipla, and Dexcel were filed. Apotex filed its own ANDA which, according to the Complaint in this action, is ANDA No. 218905. The product underlying ANDA No. 218905 was developed by Apotex and, to my knowledge, has no technical relationship with Hikma's ANDA or tafamidis drug substance. The two products were developed and manufactured separately and independently of each other, and have nothing to do with each other. In fact, Apotex is a direct competitor of Hikma, at least with respect to this product.

5. On December 15, 2023, Magistrate Judge Burke entered a Stipulated Protective Order in the Prior Litigation to prevent improper dissemination or disclosure of confidential information including research, development or commercial information. (C.A. No. 23-879, D.I. 32.) Paragraph 17 of the Stipulated Protective Order is titled "Confidentiality of One Defendant's Documents with Respect to Other Defendants" and provides that "For the avoidance of doubt, no provision of this Protective Order shall be interpreted to allow the disclosure of one Defendant's CONFIDENTIAL INFORMATION to outside counsel, in-house counsel, in-house

2

representative, or any other representative of any other Defendant without the express written consent of the producing Defendant." (*Id*. at paragraph 17.) It is my understanding that one of Zenara's objectives in entering this Stipulated Protective Order was to protect its CONFIDENTIAL INFORMATION from disclosure to any other generic company, including its then-co-defendants (Dexcel and Cipla) and other future ANDA filers, such as Apotex. After Hikma replaced Zenara as a defendant in the Prior Litigation, Hikma had that same objective as well. Hikma also agreed to be bound by the Stipulated Protective Order and agreed that all documents previously produced by Zenara would be treated as if produced by Hikma. (C.A. No. 23-879, D.I. 105 at paragraphs 7-8.)

6.      CONFIDENTIAL INFORMATION under the Stipulated Protective Order includes confidential research, development or commercial information not generally known to the public or to competitors. (C.A. No. 23-879, D.I. 32 at paragraph 2.)

7.      During the Prior Litigation, in response to Plaintiffs' discovery requests, Hikma has produced thousands of documents and provided multiple witnesses for deposition under Rule 30. Such document production and depositions revealed Hikma CONFIDENTIAL INFORMATION concerning its tafamidis drug substance and ANDA Product, including highly sensitive research, development, trade secret and commercial information that Hikma invested significant resources in developing and believed would be protected from disclosure to other defendants under Paragraph 17 of the Stipulated Protective Order. In particular, Hikma's document production reveals confidential and proprietary research, development and trade secret information concerning the tafamidis drug substance contained in the ANDA

3

Product and the ANDA Product itself, including but not limited to the processes by which that drug substance and ANDA Product are made, which required significant investment of resources to develop. Hikma and Zenara 30(b)(6) and 30(b)(1) witnesses, as well as their experts, also provided testimony that revealed CONFIDENTIAL INFORMATION concerning its tafamidis drug substance and the ANDA Product. Hikma relied upon the terms of the Stipulated Protective Order, including Paragraph 17, in producing such information to Plaintiffs and in providing witnesses for deposition.

8. Plaintiffs have relied on Hikma CONFIDENTIAL INFORMATION in their Infringement Contentions and in other discovery requests relating to infringement. Likewise, Hikma has relied on Hikma CONFIDENTIAL INFORMATION in its responses to Plaintiffs' discovery requests relating to infringement, including contention interrogatories and requests for admission. Throughout the litigation, Hikma took significant efforts to protect its own CONFIDENTIAL INFORMATION and to comply with the Protective Order in the Prior Litigation.

9. As an example, Plaintiffs in the Prior Litigation inadvertently produced a single image to Cipla containing XRPD data of Hikma's tafamidis drug substance. Upon confirmation that the data was Hikma's and upon Hikma's request, Cipla immediately took steps to destroy all copies of the document that contained Hikma's CONFIDENTIAL INFORMATION in accordance with the Protective Order, and notified Hikma to that effect.

10. As another example, in the previous litigation, co-intervenor Dexcel moved to compel Plaintiffs to produce to Dexcel (including Dexcel's inside counsel and

4

representatives and outside counsel or others permitted access under the Stipulated Protective Order) (i) Plaintiffs' Infringement Contentions against Hikma and Cipla, (ii) Hikma's and Cipla's non-infringement contentions, (iii) corresponding expert reports, and (iv) other related communications between Plaintiffs and Co-Defendants concerning Co-Defendants' ANDA's ("Contention Documents"). (C.A. No. 23-879, D.I. 195). Hikma and Cipla opposed Dexcel's motion. (Id., D.I. 199). The Court denied Dexcel's motion for these relatively narrow categories of documents. (Id., D.I. 236).

11. As Dexcel did in the Prior Litigation, I am informed that Apotex seeks production of sealed pleadings, discovery responses, invalidity and infringement materials (contentions and reports), and deposition transcripts. This material is CONFIDENTIAL INFORMATION under the Prior Action Protective Order. It was designated as such, and it contains Hikma's sensitive commercial information (such as information about Hikma's CMOs), technical information (including research, development, and testing information), and other sensitive information. Disclosure of this kind of information to a direct competitor like Apotex would cause Hikma harm by identifying CMOs, contract terms, Hikma's development process and manufacturing methods for its tafamidis drug substance and ANDA Product, its litigation strategies, and other information that is not generally known.

12. I am also informed that Apotex seeks production of Hikma's settlement agreement with Plaintiffs from the Prior Litigation. The settlement agreement contains commercially sensitive confidential information as defined by the Prior Litigation Protective Order. While Hikma's current launch date for its ANDA Product is

5

publicly known, the settlement includes various launch provisions, covenants, commercial terms, and other information that is not publicly known. The disclosure of these terms to Hikma's competitor, Apotex, would harm Hikma by enabling Apotex to develop litigation and settlement strategies targeted at the provisions in Hikma's settlement, to Hikma's detriment. In recognition of this potential harm, Hikma's settlement with Plaintiffs expressly provides that its terms cannot be disclosed to third parties, except in certain narrow circumstances which do not include disclosure to competitors, such as Apotex.

13. In the event that Apotex proposes production of Hikma's CONFIDENTIAL INFORMATION on an outside counsels' eyes only ("OCEO"), I note that such steps will not reduce the competitive harms to Hikma. Outside counsel would still be able to provide advice and opinions to Apotex regarding any material produced, and these materials would likely be used to inform Apotex's litigation and settlement strategy. This concern is particularly serious in the context of the settlement agreement between Hikma and Plaintiffs because outside counsel cannot realistically be informed of Hikma commercial terms and offer any settlement advice to Apotex, a direct competitor, that excludes the knowledge of Hikma's commercial terms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

By: _Melissa L MacDonald_

Melissa L. MacDonald
Associate General Counsel, IP & Litigation
Hikma Pharmaceuticals USA Inc.

Dated: July __20__, 2026

7