# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

PFIZER INC.,
FOLDRX PHARMACEUTICALS, LLC,
PF PRISM IMB B.V., and WYETH LLC,

    Plaintiffs,

  v.

APOTEX INC. and APOTEX CORP.,

    Defendants.

C.A. No. 25-1306 (GBW)
CONSOLIDATED

**DECLARATION OF AARTI DEODHAR OF CIPLA LIMITED IN SUPPORT OF
INTERVENORS' LETTER BRIEF**

I, Aarti Deodhar, declare as follows:

1.  I am Head of Intellectual Property at Cipla Limited ("Cipla").

2.  On August 18, 2023, Plaintiffs in the above-captioned matter filed an action against Cipla alleging patent infringement relating to Cipla's filing ANDA No. 218409 seeking approval to market a generic version of Pfizer's Vyndamax® drug (tafamidis) 61 mg capsules (the "ANDA Product") (C.A. 23-909, D.I. 1. Cipla, along with its co-intervenors, was a first filer on Pfizer's Vyndamax® product. On November 27, 2023, this Court consolidated Plaintiffs' action against Cipla with Plaintiffs' actions against defendants, Aurobindo Pharma Limited, Zenara Pharma Private Limited, and Dexcel Pharma Technologies, Limited (C.A. No. 23-879, D.I. 22) (hereinafter, the "Prior Litigation"). After more than two years of litigation and just before trial, Cipla and Pfizer reached a settlement to resolve their dispute. The case against Cipla was dismissed on April 27, 2026. (C.A. No. 23-879, D.I. 333). Co-intervenors Dexcel and Hikma (who replaced Zenara in the action) also settled,

and the case was closed on April 28, 2026. (C.A. No. 23-879, D.I. 335). Cipla, along with its co-intervenors, is a first filer on Pfizer's Vyndamax® product.

3.    I understand that Plaintiffs brought the above-captioned matter against Apotex Inc. and Apotex Corp. (collectively, "Apotex") on October 24, 2025, (D.I. 1), more than two years after the litigations against Hikma, Cipla, and Dexcel were filed. Apotex filed its own ANDA which, according to the Complaint in this action, is ANDA No. 218905. The product underlying ANDA No. 218905 was developed by Apotex and, to my knowledge, has no technical relationship with Cipla's ANDA or tafamidis drug substance. The two products share no development or manufacturing processes and have nothing to do with each other. In fact, Apotex is a direct competitor of Cipla, at least with respect to this product.

4.    On December 15, 2023, Magistrate Judge Burke entered a Stipulated Protective Order in the Prior Litigation to prevent improper dissemination or disclosure of confidential information including research, development or commercial information (C.A. No. 23-879, D.I. 32.) Paragraph 17 of the Stipulated Protective Order is titled "Confidentiality of One Defendant's Documents with Respect to Other Defendants" and provides that "For the avoidance of doubt, no provision of this Protective Order shall be interpreted to allow the disclosure of one Defendant's CONFIDENTIAL INFORMATION to outside counsel, in-house counsel, in-house representative, or any other representative of any other Defendant without the express written consent of the producing Defendant." (*Id*. at paragraph 17.) One of Cipla's objectives in entering this Stipulated Protective Order was to protect its CONFIDENTIAL INFORMATION from disclosure to any other generic company,

2

including its then-co-defendants (Dexcel and Hikma) and other future ANDA filer, such as Apotex.

5. CONFIDENTIAL INFORMATION under the Stipulated Protective Order includes confidential research, development or commercial information not generally known to the public or to competitors. (C.A. No. 23-879, D.I. 32 at paragraph 2.)

6. During the Prior Litigation, in response to Plaintiffs' discovery requests, Cipla has produced thousands of documents and provided multiple witnesses for deposition under Rule 30. Such document production and depositions revealed Cipla CONFIDENTIAL INFORMATION concerning its tafamidis drug substance and ANDA Product, including highly sensitive research, development, trade secret and commercial information that Cipla invested significant resources in developing and believed would be protected from disclosure to other defendants under Paragraph 17 of the Stipulated Protective Order. In particular, Cipla's document production reveals confidential and proprietary research, development and trade secret information concerning the tafamidis drug substance contained in the ANDA Product and the ANDA Product itself, including but not limited to the processes by which that drug substance and ANDA Product are made, which required significant investment of resources to develop. Cipla 30(b)(6) and 30(b)(1) witnesses, as well as Cipla's experts, also provided testimony that revealed CONFIDENTIAL INFORMATION concerning its tafamidis drug substance and the ANDA Product. Cipla relied upon the terms of the Stipulated Protective Order, including Paragraph 17, in producing such information to Plaintiffs and in providing witnesses for deposition.

3

7.   Plaintiffs have relied on Cipla CONFIDENTIAL INFORMATION in their Infringement Contentions and in other discovery requests relating to infringement. Likewise, Cipla has relied on Cipla CONFIDENTIAL INFORMATION in its responses to Plaintiffs' discovery requests relating to infringement, including contention interrogatories and requests for admission. Throughout the litigation, Cipla took significant efforts to protect its own CONFIDENTIAL information and to comply with the Protective Order in the Prior Litigation.

8.   As an example, Plaintiffs in the Prior Litigation inadvertently produced a single image to Cipla containing XRPD data of Hikma's tafamidis drug substance. Upon confirmation that the data was Hikma's and upon Hikma's request, Cipla immediately took steps to destroy all copies of the document that contained Hikma's CONFIDENTIAL information in accordance with the Protective Order, and notified Hikma to that effect.

9.   As another example, in the previous litigation, co-intervenor Dexcel moved to compel Plaintiffs to produce to Dexcel (including Dexcel's inside counsel and representatives and outside counsel or others permitted access under the Stipulated Protective Order) (i) Plaintiffs' Infringement Contentions against Hikma and Cipla, (ii) Hikma's and Cipla's non-infringement contentions, and (iii) corresponding expert reports, and (iv) other related communications between Plaintiffs and Co-Defendants concerning Co-Defendants' ANDA's ("Contention Documents"). (C.A. No. 23-879, D.I. 195). Hikma and Cipla opposed Dexcel's motion. (*Id*., D.I. 199). The Court denied Dexcel's motion for these relatively narrow categories of documents. (*Id*., D.I. 236).

10.    As Dexcel did in the Prior Litigation, I am informed that Apotex seeks production of sealed pleadings, discovery responses, invalidity and infringement materials (contentions and reports), and deposition transcripts. This material is CONFIDENTIAL INFORMATION under the Prior Action Protective Order. It was designated as such, and it contains Cipla's sensitive commercial information (such as information about Cipla's CMOs), technical information (including research, development, and testing information), and other sensitive information. Disclosure of this kind of information to a direct competitor like Apotex would cause Cipla harm by identifying CMOs, contract terms, Cipla's development process and  manufacturing methods for its tafamidis drug substance and ANDA Product, its litigation strategies, and other information that is not generally known.

11.    I am also informed that Apotex seeks production of Cipla's settlement agreement with Plaintiffs from the Prior Litigation. The settlement agreement contains commercially sensitive confidential information as defined by the Prior Litigation Protective Order. While Cipla's current launch date for its ANDA Product is publicly known, the settlement includes various launch provisions, covenants, commercial terms, and other information that are not publicly known. The disclosure of these terms to Cipla's competitor, Apotex, would harm Cipla by enabling Apotex to develop litigation and settlement strategies targeted at the provisions in Cipla's settlement, to Cipla's detriment. In recognition of this potential harm, Cipla's settlement with Plaintiffs expressly provides that its terms cannot be disclosed to third parties, except in certain narrow circumstances which do not include disclosure to competitors, such as Apotex.

5

12.     In the event that Apotex proposes production of Cipla's CONFIDENTIAL INFORMATION on an outside counsels' eyes only ("OCEO"), I note that such steps will not reduce the competitive harms to Cipla. Outside counsel would still be able to provide advice and opinions to Apotex regarding any material produced, and these materials would likely be used to inform Apotex's litigation and settlement strategy This concern is particularly serious in the context of the settlement agreement between Cipla and Plaintiffs because outside counsel cannot realistically be informed of Cipla commercial terms and offer any settlement advice to Apotex, a direct competitor, that excludes the knowledge of Cipla's commercial terms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing it true and correct to the best of my knowledge.

By: _____

Aarti Deodhar
Head of Intellectual Property
Cipla Limited

Dated: July 21, 2026

6