# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

PFIZER INC.,
FOLDRX PHARMACEUTICALS, LLC,
PF PRISM IMB B.V., and WYETH LLC,

        Plaintiffs,

        v.

APOTEX INC. and APOTEX CORP.,

        Defendants.

C.A. No. 25-1306-GBW

**DEXCEL PHARMA TECHNOLOGIES LIMITED'S AFFIDAVIT IN SUPPORT OF
INTERVENORS' LETTER BRIEF FOR PROTECTIVE ORDER**

I, Ilan Miller, declare as follows:

1.      I am Chief IP Officer at Dexcel Pharma Technologies Limited ("Dexcel").

2.      On August 10, 2023, Plaintiffs in the above-captioned matter (collectively, "Pfizer") filed an action against Dexcel alleging patent infringement relating to Dexcel's submission of ANDA No. 218365 seeking approval to market a generic version of Pfizer's Vyndamax® drug (tafamidis) 61 mg capsules (C.A. No. 23-879, D.I. 1). Dexcel, along with its co-intervenors, was a first-filer on Pfizer's Vyndamax® product. After more than two years of litigation and just before trial, Dexcel and Pfizer reached a settlement to resolve their dispute. The case against Dexcel was dismissed on April 24, 2026. (C.A. No. 23-879, D.I. 328). I understand that co-intervenors Cipla Limited and Hikma Limited also subsequently settled, and the consolidated action involving Dexcel, Cipla, and Hikma was closed on April 28, 2026. (C.A. No. 23-879, D.I. 335).

3.      I understand that Pfizer brought the above-captioned matter against Apotex Inc. and Apotex Corp. (collectively, "Apotex") on October 24, 2025, (D.I. 1), more than two years

after the Dexcel litigation was filed. Apotex filed its own ANDA which, according to the Complaint in this action, is ANDA No. 218905. Apotex is a direct competitor of Dexcel, at least with respect to this product.

4. I understand that on December 15, 2023, Magistrate Judge Burke entered a Stipulated Protective Order in the Pfizer's action against Dexcel to prevent improper dissemination or disclosure of confidential information including commercial information, including to other co-defendants in the prior action (C.A. No. 23-879, D.I. 32). Paragraph 17 of the Stipulated Protective Order in the Dexcel action is titled "Confidentiality of One Defendant's Documents with Respect to Other Defendants" and provides that "[f]or the avoidance of doubt, no provision of this Protective Order shall be interpreted to allow the disclosure of one Defendant's CONFIDENTIAL INFORMATION to outside counsel, in-house counsel, in-house representative, or any other representative of any other Defendant without the express written consent of the producing Defendant." (*Id*. at paragraph 17.)

5. CONFIDENTIAL INFORMATION under the Stipulated Protective Order includes commercial information not generally known to the public or to competitors. (C.A. No. 23-879, D.I. 32 at paragraph 2.)

6. Apotex is a direct competitor with respect to Dexcel's ANDA Product since it has also sought approval to market a generic version of Pfizer's Vyndamax® drug product in the U.S.

7. I am informed that Apotex here seeks Dexcel's CONFIDENTIAL INFORMATION. Specifically, I understand that Apotex has sought the confidential settlement agreement between Pfizer and Dexcel. The settlement agreement contains highly sensitive commercial information as defined by the PO. While Dexcel's current launch date for its

2

tafamidis ANDA product is publicly known, the settlement includes various launch provisions, covenants, commercial terms, and other information that are not publicly known and that were privately negotiated between Dexcel and Pfizer. The disclosure of these terms to Dexcel's competitor, Apotex, would harm Dexcel by enabling Apotex to develop litigation and settlement strategies targeted at the provisions in Dexcel's settlement, to Dexcel's detriment. In recognition of this potential harm, Dexcel's settlement with Plaintiffs expressly provides that its terms cannot be disclosed to third parties, except in certain narrow circumstances, which do not include disclosure to competitors, such as Apotex.

8.      To the extent Apotex proposes production of Dexcel's CONFIDENTIAL INFORMATION on an outside counsels' eyes only ("OCEO"), I note that such steps will not reduce the competitive harms to Dexcel. Apotex's outside counsel would still be able to provide advice and opinions to Apotex regarding any material produced, and these materials would likely be used to inform Apotex's litigation and settlement strategy. This concern is particularly serious in the context of the settlement agreement between Dexcel and Pfizer because outside counsel cannot realistically be informed of the settlement agreement's commercial terms and offer any settlement advice to Apotex, a direct competitor to Dexcel, that excludes the knowledge of Dexcel's commercial terms.

I declare under penalty of perjury that the foregoing it true and correct to the best of my knowledge.

Executed this 21 day of July 2026, at 1 Dexcel St., Or-Akiva 3060000, Israel.

_____
Ilan Miller

4