Originally Filed:  July 30, 2026
Redacted Version Filed:  August 6, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC., FOLDRX ) 
PHARMACEUTICALS, LLC, PF PRISM ) 
IMB B.V., and WYETH LLC, ) 
 ) 
          Plaintiffs, )   C.A. No. 25-1306 (GBW) 
 )   CONSOLIDATED 
     v. ) 
 )   REDACTED - PUBLIC VERSION 
APOTEX INC. and APOTEX CORP., ) 
 ) 
          Defendants. ) 

**PLAINTIFFS' UNOPPOSED MOTION FOR THE ISSUANCE OF A
LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF MARCH 18, 1970**

Plaintiffs Pfizer Inc., FoldRx Pharmaceuticals, LLC, PF PRISM IMB B.V., and Wyeth

LLC (collectively, "Plaintiffs") respectfully move for the issuance by the Court of a Letter of

Request in the form attached hereto as Exhibit A ("Plaintiffs' Request"), addressed to the

appropriate Central Authority in India and requesting that the Authority (1) direct third-party

███████████████████████ which is an Indian company, to provide one or

more representatives of the company to appear for examination and (2) direct ██████ to produce

documents with respect to the subject matter specified.  This motion is made pursuant to, and in

conformity with, The Hague Convention on the Taking of Evidence Abroad in Civil or

Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, *reprinted in* 28 U.S.C. § 1781 ("Hague

Convention"), which is in force between the United States and India.  Counsel for Plaintiffs

conferred with counsel for defendant Apotex Inc. and Apotex Corp. (collectively, "Apotex") prior

to filing this motion, and Apotex indicated that it does not oppose this motion.

## I.    Background

In this action, Plaintiffs allege infringement of U.S. Patent No. 9,770,441 (the "'441 patent"), which relates to a specific polymorphic form of tafamidis, the active ingredient in Pfizer's Vyndamax® product.  Plaintiffs allege, among other things, that the submission of Abbreviated New Drug Application ("ANDA") No. 218905 by Apotex, which seeks approval from the FDA to market a generic version of Vyndamax® ("Apotex's ANDA Product") before the expiration of the '441 patent, constitutes an act of infringement with respect to the '441 patent under 35 U.S.C. § 271(e)(2)(A).  *See, e.g.*, D.I. 1.  Plaintiffs further allege, among other things, that the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product would infringe one or more claims of the '441 patent.  *Id.*  More specifically, Plaintiffs assert that the following infringe one or more of the asserted claims of the '441 patent: the tafamidis capsules, 61 mg, that are the subject of ANDA No. 218905; the processes used to make the tafamidis capsules, 61 mg, that are the subject of ANDA No. 218905; and any other materials, intermediate or otherwise, produced by the processes used to make the tafamidis capsules, 61 mg, that are the subject of ANDA No. 218905.  Plaintiffs are currently seeking discovery regarding Apotex's ANDA Product, including the tafamidis used therein.

In defense of the allegations of infringement, Apotex has asserted that the '441 patent is not infringed because, among other reasons, its ANDA Product does not contain the crystalline form of tafamidis claimed in the '441 patent.

Plaintiffs seek documents and testimony related to the manufacturing process and properties of the ANDA Product and the tafamidis therein. Plaintiffs contend the requested information is directly relevant to infringement and is the type of information possessed by ████.

Plaintiffs previously moved this Court for issuance of Letters of Request in conformity with The Hague Convention in cases that presented similar issues related to tafamidis. In those cases, this Court granted Plaintiffs' requests. *See Pfizer Inc. et al. v. Dexcel Pharma Techs. Ltd., et al.*, C.A. No. 23-879-GBW-CJB (D. Del.) (consol.), D.I. 74, 76, 78. Plaintiffs respectfully seek the same outcome here.

## II.    Argument

The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting nation may request evidence located in another nation." *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F3d 288, 299 (3d Cir. 2004). Discovery under the Hague Convention is proper where the use of such procedures "will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541 (1987). Determining whether Convention procedures are appropriate requires "scrutiny in each case of the particular facts, sovereign interests, and likelihood that such resort will prove effective." *Id*. at 544; *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d at 300. Here, all three factors support the propriety of obtaining discovery under the Hague Convention. ████████████████ ██████████████ ████████████ ██████████████████ Thus, ████ possesses documents and information directly relevant to the contested issues in this litigation. The relevant sovereign interests and likelihood of success also support issuing Plaintiffs' Request.

### 1.      The Facts of the Case Support Issuing Plaintiffs' Request

Because the '441 patent claims a crystalline form of tafamidis, Plaintiffs seek testing and characterization data from third party ▮▮▮ that would show the crystalline form of tafamidis in Apotex's ANDA Product.  This type of information is relevant because ▮▮▮▮▮▮ ▮▮▮▮▮▮ may demonstrate the presence of the claimed crystalline form.  Additionally, Plaintiffs seek documents related to ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮  The manufacturing process for the drug product can impact the crystalline form(s) that are present, and the research and development data could shed light on the relative stability of different crystalline forms of tafamidis.

Further, Plaintiffs seek testimony on the aforementioned topics from a representative of ▮▮▮  Such testimony would allow Plaintiffs to authenticate and better understand any testing data.  More broadly, a witness familiar with the manufacturing and testing of Apotex's ANDA Product may be able to further explain the process and the testing parameters for the characterization data generated.  Again, this evidence is highly relevant to proving infringement of the asserted claims, which recite characterization data of a crystalline polymorphic form of tafamidis.

The Court should issue the Request to allow Plaintiffs to obtain the aforementioned documents and testimony.  As explained above, ▮▮▮ is based in India and is not a party to this case.  Given these facts, Plaintiffs' Request clearly is appropriate.  *See Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 474–75 (D. Del. 2003) ("Resort to the Hague Convention in this instance is appropriate since both [witnesses] are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of the Netherlands, and are not otherwise subject to the jurisdiction of the Court.").

### 2.    Sovereign Interests Support Issuing Plaintiffs' Request

Sovereign interests also support issuing Plaintiffs' Request. Both the United States and the Republic of India are parties to the Hague Convention and have agreed to permit each other's litigants to invoke the Convention's procedures.[1] Unless parties in Plaintiffs' situation are permitted to proceed under the Hague Convention, generic manufacturers could simply evade legitimate discovery by contracting out their research and development activities to foreign companies that are outside the jurisdiction of U.S. courts. Such a result would be inconsistent with the contracting nations' agreement to permit foreign discovery, where necessary. *See Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 547 ("[H]olding that the Convention does not apply in this situation would deprive domestic litigants of access to evidence through treaty procedures to which the contracting states have assented.").

### 3.    Plaintiffs' Request Would Likely Be Effective

Finally, Plaintiffs' Request would likely be effective because ▆▆▆ is likely to have possession, custody, or control over the documents and information covered by Plaintiffs' discovery requests. Moreover, as an Indian company, ▆▆▆ is subject to the jurisdiction of the authorities identified in Exhibit A. Therefore, if this court were to issue Plaintiffs' Request, ▆▆▆ would be obligated to respond.[2] Thus, the final factor also weighs in favor of issuing Plaintiffs' Request.

---

[1]    *India Judicial Assistance Information*, U.S. DEP'T OF STATE, BUREAU OF CONSULAR AFFAIRS, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/India.html.

[2]    Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, art. 10, Oct. 7, 1972, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.").

**III.     Conclusion**

For these reasons, Plaintiffs respectfully submit that the proposed Motion for the Issuance of a Letter of Request for International Judicial Assistance Pursuant to the Hague Convention of March 18, 1970 is just and appropriate, and Plaintiffs specifically request that the Court sign and issue the Letter of Request for International Judicial Assistance.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

Thomas H.L. Selby
Stanley E. Fisher
Christopher J. Mandernach
Andrew L. Hoffman
Ayelet Evrony
Rhochelle Krawetz
Daniel Schneider
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC  20024
(202) 434-5000

July 30, 2026

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

**CERTIFICATION PURSUANT TO**
**DISTRICT OF DELAWARE LOCAL RULE 7.1.1**

Pursuant to District of Delaware Local Rule 7.1.1, the undersigned counsel for Plaintiffs

Pfizer Inc., FoldRx Pharmaceuticals, LLC, PF PRISM IMB B.V., and Wyeth LLC (collectively,

"Plaintiffs") certifies that reasonable efforts were made to reach agreement with Apotex's counsel

with respect to Plaintiffs' Motion for the Issuance of Letter of Request for International Judicial

Assistance Pursuant to the Hague Convention of March 18, 1970.  Apotex does not oppose the

filing of this motion.

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC., FOLDRX  )
PHARMACEUTICALS, LLC, PF PRISM  )
IMB B.V., and WYETH LLC,  )
　  )
        Plaintiffs,  )    C.A. No. 25-1306 (GBW)
　  )    CONSOLIDATED
        v.  )
　  )
APOTEX INC. and APOTEX CORP.,  )
　  )
        Defendants.  )

## [PROPOSED] ORDER

WHEREAS, Plaintiffs Pfizer Inc., FoldRx Pharmaceuticals, LLC, PF PRISM IMB B.V., and Wyeth LLC ("Plaintiffs"), having filed a Motion for the Issuance of Letter of Request for International Judicial Assistance ("Motion"), and good cause having been shown;

IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED.

The executed Letter of Request with the Seal of the Court is attached.  Plaintiffs shall forward the Letter of Request to the appropriate Indian authorities.


Dated: _____              _____
                                 UNITED STATES DISTRICT JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC., FOLDRX ) 
PHARMACEUTICALS, LLC, PF PRISM ) 
IMB B.V., and WYETH LLC, ) 
  ) 
             Plaintiffs, )   C.A. No. 25-1306 (GBW)
  )   CONSOLIDATED
       v. ) 
  ) 
APOTEX INC. and APOTEX CORP., ) 
  ) 
             Defendants. ) 

**REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE PURSUANT TO THE HAGUE CONVENTION
OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE
<u>ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

The United States District for the District of Delaware presents its compliments to the Ministry of Law and Justice of India, and respectfully requests international judicial assistance in accordance with the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") to obtain evidence to be used in the above-captioned judicial proceeding. Specifically, this Court requests that the Ministry of Law and Justice of the Republic of India and The Registrar General of the High Court of Judicature at Madras, by the proper and usual process of your Courts, direct ███████████████████ ███████████████████████████████ ███████████████████████████████ to produce the documents and testimony identified below.

Based on the representations made by Plaintiffs Pfizer Inc., FoldRx Pharmaceuticals, LLC, PF PRISM IMB B.V., and Wyeth LLC (collectively, "Plaintiffs"), this Court believes that ██████ possesses documents and information that are directly relevant and necessary for the proper

adjudication of the above-captioned matter. This Court also believes that assistance from the Ministry of Law and Justice and The Registrar General of the High Court of Judicature at Madras would serve to further the international interests of justice and judicial cooperation. The documents and testimony requested by Plaintiffs in this action are set forth below and in Schedules A and B.

In conformity with Article 3 of the Hague Convention, the undersigned applicant hereby submits the following request. If the Indian Authority requires additional information, please contact the applicant's Indian counsel, Mr. Pravin Anand, whose contact information appears in Section 6(a) below.

| | | |
|---|---|---|
| **1.** | ***Sender:*** | Office of the Clerk of the Court<br>United States District Court<br>    for the District of Delaware<br>844 North King Street, Unit 18<br>Wilmington, DC  19801-3570<br>USA<br>Telephone: (302) 573-6170 |
| **2.** | ***Central Authority of the*** <br> ***Requested State:*** | Central Authority<br>The Ministry of Law and Justice<br>Department of Legal Affairs<br>Room No. 439-A, 4th Floor A-Wing<br>Shastri Bhavan<br>New Delhi, 110001<br>Republic of India<br>Telephone: +91 (11) 2338 7557<br>Fax: +91 (11) 2338 4241<br>E-mail: judicial-dla@nic.in<br><br>The Registrar General<br>Madras High Court<br>Chennai, Tamil Nadu 600104<br>Republic of India<br>E-mail: regrgenl@nic.in<br>Tel: 91-044-25301349 |

2

3. ***Person to whom the executed Request is to be returned:***

Stanley E. Fisher
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC  20024
USA
Telephone: (202) 434-5289
sfisher@wc.com

4. ***Requesting Judicial Authority:***

The Honorable Christopher J. Burke
United States Magistrate Judge
United States District Court
    for the District of Delaware
844 North King Street
Wilmington, DE  19801-3570
USA

5. ***To the Competent Authority of:***

Central Authority
The Ministry of Law and Justice
Department of Legal Affairs
Room No. 439-A, 4th Floor A-Wing
Shastri Bhavan
New Delhi, 110001
Republic of India
Telephone: +91 (11) 2338 7557
Fax +91 (11) 2338 4241
E-mail: judicial-dla@nic.in

6. ***The names and addresses of the parties and their representatives:***

    A.    **Plaintiffs:**        **<u>Parties</u>**

Pfizer Inc.
235 East 42nd Street
New York, NY  10017
USA

FoldRx Pharmaceuticals, LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801
USA

3

Pfizer PRISM IMB B.V.
Rivium Westlaan 142, 2909 LD
Capelle aan den Ijssel
Netherlands

Wyeth LLC
Corporation Trust Center
1209 Orange Street
Wilmington, DC  19801
USA

<u>Representatives</u>

Thomas H.L. Selby
Stanley E. Fisher
Christopher J. Mandernach
Andrew L. Hoffman
Ayelet Evrony
Rhochelle Krawetz
Daniel P. Schneider
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC  20024
USA

Megan E. Dellinger
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, P.O. Box 1347
Wilmington, DE  19899
USA

Pravin Anand
pravin@anandandanand.com
Sugandha Yadav
sugandha@anandandanand.com
Chahat Bhatia
chahat@anandandanand.com
ANAND AND ANAND
B-41, Nizamuddin East
New Delhi 110013
Republic of India
Phone: +91+120 405 9300

4

|   | B.    Defendants: | **Parties** |
|---|---|---|

Apotex Inc.
150 Signet Drive
Toronto, Ontario, M9L 1T9
Canada

Apotex Corp.
2400 N. Commerce Parkway, Suite 400
Weston, FL  33326
USA

Representatives

Andrew M. Alul
Richard T. Ruzich
Luke T. Shannon
Roshan P. Shrestha, Ph.D.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL  60601
312-527-4000
aalul@taftlaw.com
rruzich@taftlaw.com
lshannon@taftlaw.com
rshrestha@taftlaw.com

John C. Phillips, Jr.
David A. Bilson
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806
(302) 6550-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

**7.**    *Nature and purpose of the proceedings and summary of facts:*

Pfizer manufactures and sells tafamidis 61 mg capsules, which are used to treat transthyretin amyloid cardiomyopathy.  Pfizer markets this product under the brand name Vyndamax®.  The U.S. Food and Drug Administration approved Vyndamax® on May 3, 2019. Vyndamax® is protected by at least U.S. Patent. No. 9,770,441 (the "'441 patent").

On September 9, 2025, Apotex Inc. and Apotex Corp. (collectively, "Apotex") sent a notice letter to Pfizer under 21 U.S.C. § 355(j)(2)(B). The letter notified Pfizer that Apotex submitted Abbreviated New Drug Application ("ANDA") No. 218905, which seeks approval from the FDA to market a generic version of Vyndamax® before the expiration of the '441 patent.

5

On October 24, 2025, Pfizer filed this action against Apotex in the United States District Court for the District of Delaware. Pfizer alleges that the submission by Apotex of ANDA No. 218905 for tafamidis capsules, 61 mg, constitutes an act of patent infringement with respect to the '441 patent under 35 U.S.C. § 271(e)(2)(A).[1] Pfizer further alleges that the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product would infringe one or more claims of the '441 patent. In defense of Pfizer's allegations of infringement, Apotex has asserted that its ANDA Product would not infringe the '441 patent, including because Apotex alleges its ANDA product does not contain the crystalline form of tafamidis claimed in the '441 patent.

Discovery regarding Apotex's ANDA Product, including the method by which it is manufactured, data regarding production batches of the product, and data regarding intermediate chemical entities, structures, and/or polymorphs that may be formed during the production of the ANDA Product and its API, is directly relevant to Plaintiffs proving infringement of the '441 patent. However, ███████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████ Accordingly, Pfizer believes that ██████ possesses information and documents relating to Apotex's ANDA Product and its API that are directly relevant to proving infringement of the asserted claims in this case. Apotex has stated that it does not possess documents that are sought under the present Letters of Request.

Fact discovery has commenced and the substantial production of documents is required to be completed by December 1, 2026, while the completion of all fact discovery (including depositions) is scheduled for June 25, 2027. Trial of this action has been scheduled to commence on May 22, 2028.

**8.** ***Evidence to be obtained or other judicial act to be performed:***

This Request is being made to secure documents and testimony from ████████ Healthcare Private Limited for use at trial in the above-captioned matter.



Documents are also requested from any other office or location where ████████ would have stored the documents requested in Schedule A.

---

[1]    Under 35 U.S.C. § 271(e)(2)(A), it is an act of infringement "to submit an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act or described in section 505(b)(2) of such Act for a drug claimed in a patent or the use of which is claimed in a patent."

Each party is bound by the terms of a stipulated Protective Order by this Court (Appendix 1).  Any confidential information produced by ▇▇▇▇ will be used for the purposes of this litigation only and will not be publicly disclosed.

The execution of the request for international judicial assistance will not prejudice the sovereignty or security of the Republic of India.

9.      *Identity and address of any person to be examined:*

One or more of ▇▇▇▇ directors, officers, managing agents, associates, or other persons duly authorized to testify on behalf of ▇▇▇▇ as to all information known or reasonably available to ▇▇▇▇ regarding the subject matters set forth in Schedule B.

10.     *Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined:*

Please see attached Schedule B.

11.     *Documents or other property to be inspected:*

Please see attached Schedule A.

12.     *Any requirement that the evidence be given on oath or affirmation and any special form to be used:*

The testimony sought pursuant to Schedule B must be provided under oath.

13.     *Special methods or procedure to be followed:*

The testimony sought pursuant to Schedule B must be provided under oath.

14.     *Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified:*

Stanley E. Fisher
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC  20024
USA

7

**15.**   *The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:*

Pfizer Inc.
c/o Stanley E. Fisher
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC  20024
USA

Dated: _____          _____
                                The Honorable Christopher J. Burke
                                United States Magistrate Judge
                                United States District Court for the
                                District of Delaware

8

**SCHEDULE A**
**CATEGORIES OF DOCUMENTS REQUESTED DEFINITIONS**

1.     As used herein, the term "document" is used in its broadest sense, and includes any written, printed, typed, recorded, electronic, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including without limitation letters, calendars, correspondence, email, telegrams, memoranda, electronic files, spreadsheets, databases, records, minutes, contracts, agreements, leases, communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, data compilations, worksheets, statistics, speeches, tapes, tape recordings, magnetic, photographic, and any other writings or sound recordings.  The term "document" includes each copy, version, or reproduction that is not identical to the original or any other produced copy.

2.     As used herein, the term "communication" means any transmission of information from one person to another, including without limitation by in person meeting, telephone, facsimile, electronic transmission, including electronic mail, and teleconference.

3.     As used herein, the terms "you," "your," and "yours," mean jointly and severally ███████████████████████ and its respective officers, directors, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including without limitation any person who served in any such capacity at any time.

4.     As used herein, the term "tafamidis" means (i) the tafamidis active pharmaceutical ingredient (API) in Vyndamax, or (ii) the tafamidis API related to or used in the research, development, or manufacture of Apotex's ANDA Product, by itself or in the final formulation of Apotex's ANDA Product.  Tafamidis as used in this definition refers to the compound with the

international non-proprietary name (INN) tafamidis or any solvate of the aforementioned compound, or any polymorph of the aforementioned compounds, or any other form of the aforementioned, or any mixture of two or more of the aforementioned.

5.      As used herein, the term "Apotex" means jointly and severally Apotex Inc. and Apotex Corp., its officers, directors, employees, divisions, parent companies, subsidiaries, affiliates, associates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including any person who served in any such capacity at any time.

6.      As used herein, the term "████ means jointly and severally ████ ████████████████████████████████████, and their respective officers, directors, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including without limitation any person who served in any such capacity at any time.

7.      As used herein, the term "████ means jointly and severally ████████ ████████, its officers, directors, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including without limitation any person who served in any such capacity at any time.

8.      As used herein, the term "████ means jointly and severally ████████ ████ its officers, directors, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including without limitation any person who served in any such capacity at any time.

2

9.  As used herein, the terms "refer to" and/or "relate to" shall be understood to apply if the document or electronically stored information evidences, mentions, discusses, constitutes, concerns, relates, refers to (directly or indirectly), or in any other way pertains to the subject matter of the request.

10.  As used herein, the terms "and" as well as "or" shall be construed as singular or plural, as necessary to bring within the scope of these requests any information or documents that might otherwise be construed to be outside their scope.

11.  The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of these requests any information or documents and things that might otherwise be construed to be outside their scope.

12.  As used herein, the term "test" or "testing" shall be construed to include but not be limited to any test, analysis, evaluation, comparison, study, experiment, or trial for any purpose, including without limitation in vivo, in vitro, and clinical tests and results, whether published or unpublished.

13.  As used herein, the term "'441 patent" means United States Patent No. 9,770,441.

14.  As used herein, "Apotex's ANDA Product" means the drug product described in ANDA No. 218905.

15.  █████████████████████████████████████████████████████████████████████████████████████████████████████████████

16.  As used herein, "Form 1" refers to the polymorphic form of tafamidis described in the '441 patent as Form 1.

17. ████████████████████████████████████████████████

████████████████

## DOCUMENT REQUESTS

1. All documents that refer or relate to research, testing, and/or development of Apotex's ANDA Product or the tafamidis API used therein, including any underlying data files and correspondence exchanged with Apotex, ████████████████████.

2. All documents that refer or relate to any tafamidis intermediate produced during manufacture of Apotex's ANDA Product.

3. Documents sufficient to show how Apotex's ANDA Product is manufactured.

4. All documents that refer or relate to polymorphism of Apotex's ANDA Product or the tafamidis API used therein, including any comparison between different polymorphic forms of tafamidis.

5. All documents that refer or relate to the presence or absence of X-ray powder diffraction ("PXRD") peaks, solid state nuclear magnetic resonance ("ssNMR") shifts, or Raman spectroscopy ("Raman") shift peaks in Apotex's ANDA Product or the tafamidis API used therein, including any underlying data files from testing.

6. All documents that refer or relate to the presence or absence of polymorphic forms of Apotex's ANDA Product or the tafamidis API used therein, including but not limited to polymorphic ████████████████.

7. All documents that refer or relate to polymorphic conversion of tafamidis, including ████████████████████████████████████████████.

8. All documents that refer or relate to conversion of the tafamidis API used in Apotex's ANDA Product.

4

9. All communications between you and Apotex, ███████████████████ hat refer or relate to the polymorphic forms of tafamidis, including any testing performed on the tafamidis API or Apotex's ANDA Product.

10. All documents that refer or relate to the '441 patent.

11. All documents and electronically stored information that refer or relate to the polymorphism of the tafamidis API used in Apotex's ANDA Product.

12. Documents sufficient to show all polymorphic or crystalline forms of tafamidis manufactured or used at the site where Apotex's ANDA Product is manufactured.

13. Any contract or agreement with Apotex, ███████████████ related to Apotex's ANDA Product and/or its API.

5

**SCHEDULE B**
**SUBJECT MATTER FOR TESTIMONY DEFINITIONS**

1.      As used herein, the term "any" shall be construed to mean all or any.

2.      The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of these topics any information or documents and things that might otherwise be construed to be outside their scope.

3.      As used herein, the term "including" means "including but not limited to" or "including without limitation."  As used herein, the terms "and" as well as "or" shall be construed as singular or plural, as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

4.      As used herein, the term "test" or "testing" shall be construed to include but not be limited to any test, analysis, evaluation, comparison, study, experiment, or trial for any purpose, including without limitation in vivo, in vitro, and clinical tests and results, whether published or unpublished.

5.      As used herein, the term "tafamidis" means the compound with the international non-proprietary name (INN) tafamidis or any solvate of the aforementioned compound, or any polymorph of any of the aforementioned compounds, or any other form of the aforementioned, or any mixture of two or more of the aforementioned, and includes the tafamidis active pharmaceutical ingredient (API) in Vyndamax® and the tafamidis API used in the research, development, or manufacture of Apotex's ANDA Product (as defined below), by itself or in the final formulation of Apotex's ANDA Product.

6.      As used herein, the term "Apotex" means jointly and severally Apotex Inc. and Apotex Corp., its officers, directors, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them

may be a party, consultants, agents, and accountants, including any person who served in any such capacity at any time.

7. As used herein, the term "████████ means jointly and severally ██████ ████████████████████████████████ and their respective officers, directors, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including without limitation any person who served in any such capacity at any time.

8. As used herein, the term "█████ means jointly and severally ████████████ ██████ its officers, directors, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including without limitation any person who served in any such capacity at any time.

9. As used herein, the term "█████ means jointly and severally ████████████ ████████████ its officers, directors, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including without limitation any person who served in any such capacity at any time.

10. As used herein, the term "test" or "testing" shall be construed to include but not be limited to any test, analysis, evaluation, comparison, study, experiment, or trial for any purpose, including without limitation in vivo, in vitro, and clinical tests and results, whether published or unpublished.

11. As used herein, the term "Apotex's ANDA Product" shall be construed to include any product described in ANDA No. 218905.

2

## **TOPICS**

1. Any comparative testing between Apotex's ANDA Product or the tafamidis API contained therein, on the one hand, and any other tafamidis-containing composition, including Vyndamax®.

2. The composition of Apotex's ANDA Product or the tafamidis API contained therein, including any test data reflecting such composition.

3. The polymorphic conversion of tafamidis during or after manufacture of Apotex's ANDA Product.

4. The polymorphic form of tafamidis used in Apotex's ANDA Product.

5. Any X-ray powder diffraction testing or analysis, solid state nuclear magnetic resonance testing or analysis, or Raman spectroscopy testing or analysis of Apotex's ANDA Product or the tafamidis API contained therein.

6. The location of ▮▮▮ documents related to t Apotex's ANDA Product or the tafamidis API contained therein.

7. The polymorphic forms of tafamidis manufactured or used at the site where Apotex's ANDA Product is manufactured.

8. The process by which Apotex's ANDA Product is manufactured.

9. Any contract or agreement with Apotex, ▮▮▮▮▮▮▮ related to Apotex's ANDA Product and/or its API.

10. The identity of any persons with knowledge of each of the foregoing topics.

11. The authenticity of any documents you produce.

3

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 30, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 30, 2026, upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>David A. Bilson, Esquire<br>PHILLIPS, MCLAUGHLIN & HALL, P.A.<br>1200 North Broom Street<br>Wilmington, DE  19806<br>*Attorneys for Defendants Apotex Inc. and*<br>*Apotex Corp.* | *VIA ELECTRONIC MAIL* |
| Andrew M. Alul, Esquire<br>Richard T. Ruzich, Esquire<br>Luke T. Shannon, Esquire<br>Roshan P. Shrestha, Ph.D.<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Drive, Suite 2600<br>Chicago, IL  60601<br>*Attorneys for Defendants Apotex Inc. and*<br>*Apotex Corp.* | *VIA ELECTRONIC MAIL* |

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 6, 2026, upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>David A. Bilson, Esquire<br>PHILLIPS, MCLAUGHLIN & HALL, P.A.<br>1200 North Broom Street<br>Wilmington, DE  19806<br>*Attorneys for Defendants Apotex Inc. and Apotex Corp.* | *VIA ELECTRONIC MAIL* |
| Andrew M. Alul, Esquire<br>Richard T. Ruzich, Esquire<br>Luke T. Shannon, Esquire<br>Roshan P. Shrestha, Ph.D.<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Drive, Suite 2600<br>Chicago, IL  60601<br>*Attorneys for Defendants Apotex Inc. and Apotex Corp.* | *VIA ELECTRONIC MAIL* |

/s/ *Megan E. Dellinger*

Megan E. Dellinger (#5739)