MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

MEGAN E. DELLINGER
(302) 351-9366
mdellinger@morrisnichols.com

August 26, 2026

REDACTED - PUBLIC VERSION

The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 North King Street, Room 6124, Unit 26
Wilmington, DE 19801-3555

*VIA ELECTRONIC FILING*
[redacted]

Re: *Pfizer Inc., et al. v. Apotex Inc., et al.* C.A. No. 25-1306-GBW (consol.)

Dear Judge Williams:

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Court's Scheduling Order (D.I. 22 ¶ 4), Plaintiffs Pfizer Inc.; FoldRx Pharmaceuticals, LLC; PF PRISM IMB B.V.; and Wyeth LLC (collectively, "Pfizer") respectfully request leave to file a First Amended Complaint to add DifGen Pharmaceuticals LLC ("DifGen") as a defendant.

Pursuant to D. Del. LR 7.1.1, Pfizer has raised the subject of this motion with Apotex, and Apotex does not oppose Pfizer's motion—and for good reason. Even at this early stage, initial discovery from Apotex has confirmed that DifGen researched, developed, and manufactured the ANDA product at issue; authored key portions of the ANDA at issue; and, [redacted] Thus, DifGen is a proper defendant under 35 U.S.C. § 271(e)(2)(A), and leave to amend should be granted.

## I. Factual Background

On September 9, 2025, Apotex notified Pfizer that it had submitted ANDA No. 218905 to the FDA seeking approval to commercially manufacture, use, and sell a generic version of Pfizer's Vyndamax® (tafamidis) 61 mg capsules (the "ANDA product") prior to the expiration of U.S. Patent No. 9,770,441. Pfizer filed this patent infringement action against Apotex shortly thereafter.

During the course of discovery, Pfizer learned that DifGen researched, developed, and manufactured the ANDA product. In response to Pfizer's Interrogatory No. 1, Apotex stated that it "did not research or develop Apotex Inc.'s ANDA product; rather, that work was performed by a third party, DifGen." Apotex has repeated this position in other discovery responses,

representing that its "ANDA product was developed by a third party, DifGen," and relying on that very fact to justify narrow responses to Pfizer's document requests.

DifGen also authored significant portions of Apotex's ANDA, including [redacted]

Apotex's document productions further confirm DifGen's central role. [redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]

On August 13, 2026, Pfizer notified Apotex of its intent to amend its complaint to add DifGen as a defendant. Apotex confirmed on August 21 that it did not oppose this Motion.

## II. Argument

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Third Circuit has adopted a liberal policy favoring amendment of pleadings to ensure that claims are decided on the merits. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Each of the relevant factors discussed in *Foman* and related cases supports granting leave here.

**No Undue Delay or Bad Faith.** Pfizer seeks leave to amend within the time permitted by the Scheduling Order. D.I. 22 ¶ 2. Filing within the scheduling order deadline "generally precludes a finding of undue delay," *Intell. Ventures I LLC v. Toshiba Corp.*, C.A. No. 13-453-SLR-SRF, 2015 WL 4916789, at *2 (D. Del. Aug. 17, 2015), and a finding of bad faith, *see Trueposition, Inc. v. Allen Telecom, Inc.*, C.A. No. 01-823-GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002). Pfizer diligently pursued discovery that revealed DifGen's significant role and promptly sought amendment upon confirming the basis for adding DifGen as a defendant.

**No Undue Prejudice.** There is no prejudice to any party. The motion is unopposed, fact discovery is in its early stages and remains ongoing, and the amendment adds no new substantive issues. *See Intell. Ventures I LLC*, 2015 WL 4916789, at *2 (finding no undue prejudice where "the case is still in its early stages" with fact discovery ongoing, and defendants have been aware of the relevant claims "since the onset of the case"). With trial not set until May 22, 2028, there is ample time for DifGen to integrate into the case without prejudice.

**Amendment Is Not Futile.** The proposed amendment states a claim against DifGen under § 271(e)(2)(A). "[A]n entity need not sign, prepare, or file an ANDA in order to be deemed a 'submit[ter]' under Section 271(e)(2)(A)." *Otsuka Pharm. Co. v. Hetero USA, Inc.*, C.A. No. 19-1954-LPS, 2020 WL 6822971, at *2 (D. Del. Nov. 20, 2020). Rather, "an entity may also 'submit' an ANDA if it participates in the preparation of the ANDA and intends to benefit directly from the ANDA." *Id.*; *see also Biogen Inc. v. Sandoz Inc.*, C.A. No. 22-1190-GBW, 2024 WL 7095400, at *2 (D. Del. June 17, 2024). Here, DifGen both participated in the preparation of the ANDA—by researching and developing the ANDA product, authoring ANDA-related documents, collaborating in its submission, responding to FDA deficiency letters, conducting testing, and manufacturing the product—[redacted] This Court has already concluded in the *Biogen* matter that such facts establish the requisite participation and direct benefit. *See Biogen*, 2024 WL 7095400, at *2-3; *see also Novartis Pharms. Corp. v. Handa Neuroscience, LLC*, C.A. No. 21-645-LPS, 2022 WL 610771, at *4-5 (D. Del. Mar. 1, 2022). DifGen therefore is a proper defendant in this action, and amendment is not futile.

## III. Conclusion

Pfizer respectfully requests that the Court grant leave to file its First Amended Complaint.

Respectfully,

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)

MED/

cc: Clerk of the Court (via hand delivery)
All Counsel of Record (via electronic mail)